UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| PAUL HESLA, | Civil No. 12-3092 (SRN/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| MIKE WILSON / HCMC<br>HENNEPIN COUNTY MEDICAL CENTER, | |
| Defendants. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff is attempting to sue Defendants identified as "Mike Wilson / HCMC Hennepin County Medical Center." The substantive allegations set forth in the "Statement of Claim" section of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "Due to the opinions established by Mike Wilson, of the Hennepin County Pre Petition Screening Program, and the treatment by HCMC, Law Enforcement was prevented from prosecuting crimes in this state and others, and mislead [sic] to conclusions that resulted in Slander, Liable [sic], Assault and an inability to obtain and maintain employment and Fair business practices under the ADA."

(Complaint, [Docket No. 1], p. 4, ¶ 7.)

Based on this cryptic paragraph alone, Plaintiff is seeking a judgment against Defendants in the amount of $35,000,000.

(Id. p. 4, "Request for Relief.")

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

The Court finds that Plaintiff's current complaint fails to state any actionable claim for relief, because it does not allege any specific historical facts that could entitle Plaintiff to any judgment against any named Defendant under any conceivable legal theory. The complaint does not describe anything that any Defendant did (or failed to do) that could be

viewed as a violation of any federal law or doctrine.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. Again, Plaintiff has not described any facts that could entitle him to any legal redress against the named Defendants (or anyone else) under any legal theory. Thus, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted.

Because Plaintiff has not pleaded an actionable claim for relief, the Court must recommend that his IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: December  14 , 2012

                                             *s/ Franklin L. Noel*
                                             FRANKLIN L. NOEL
                                             United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 31, 2012**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and

Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.