**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Paul Hesla,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Mike Wilson/HCMC, Hennepin County Pre Petition Screening Program, Hennepin County Medical Center,<br><br>　　　　Defendants. | Case No. 12-cv-3092 (SRN/FLN)<br><br>**ORDER ADOPTING<br>REPORT AND RECOMMENDATION** |

Paul Hesla, pro se, 911 22nd Avenue South, Minneapolis, MN 55404, Plaintiff.

Mike Wilson/HCMC, Hennepin County Pre Petition Screening Program, and Hennepin County Medical Center, 701 Park Avenue South, Minneapolis, MN 55404, Defendants.

SUSAN RICHARD NELSON, United States District Judge

　　This matter is before the undersigned United States District Court Judge for consideration of Plaintiff Paul Hesla's Objection (Doc. No. 5) to United States Magistrate Judge Franklin L. Noel's December 14, 2012, Report and Recommendation ("R & R"). (Doc. No. 4.) The Magistrate Judge recommended that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Hesla's application to proceed in forma pauperis ("IFP") be denied. (Id.) For the reasons set forth below, Plaintiff's Objection is overruled and the Court adopts the R & R.

**I.　　BACKGROUND**

　　On December 11, 2012, Hesla filed a suit against Mike Wilson, the Hennepin

County Pre Petition Screening Program, and the Hennepin County Medical Center ("HCMC"). (Compl., Doc. No. 1, at pp. 1–2.) Hesla's explanation of the facts and claims, in its entirety, is as follows:

> "Due to the opinions established by Mike Wilson, of the Hennepin County Pre Petition Screening Program, and the Treatment by HCMC, Law Enforcement was prevented from prosecuting crimes in this state and others, and mislead to conclusions that resulted in Slander, Liable [sic], Assault and an inability to obtain and maintain employment and Fair business practices under the ADA."

(Id. at p. 4.) He seeks $35 million in relief. (Id.)

The Magistrate Judge recommended dismissing this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and denying Plaintiff's application to proceed IFP. (R & R, Doc. No. 4, at p. 1–3.) Helsa filed an Objection to the Magistrate Judge's R & R on December 26, 2012. (Objection, Doc. No. 5, at pp. 1–6.)

## II. DISCUSSION

### A. Standard of Review

The district court reviews de novo those portions of an R & R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b). The objections must be "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72; accord D. Minn. LR 72.2(b). Based on its de novo review, this Court adopts the R & R in its entirety.

### B. Objection

Hesla objects to the Magistrate Judge's recommendation that the action be dismissed

due to a failure to state a claim upon which relief can be granted.  (See Objection, Doc. No. 5, at pp. 1–6.)  Hesla argues he made several claims in his Complaint and provides more detailed information and supporting documentation to bolster those claims.[1]  (See Doc. Nos. 1, 5, 6.)  As the Magistrate Judge correctly noted, even though the pro se complaints must be construed liberally by the federal courts, "the pleadings may not be merely conclusory[,]" "they still must allege sufficient facts to support the claims advanced." Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006); Yancey v. Alexander, 724 F.2d 93, 94 (8th Cir. 1983).  Federal courts are not required "to assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."  Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

Hesla makes purely conclusory allegations—slander, liable, and assault—without explaining what particular actions gave rise to these claims.  Even if the Court considers the additional facts provided in the Objection and his letter to the Magistrate Judge, there still are not sufficient facts to support his claims.  There is not even an explanation of what Defendant Mike Wilson did.  The Magistrate Judge appropriately found that Hesla failed to

---

[1]  Dr. Charles Pearson at HCMC examined Hesla on January 6, 1999 and labeled him as a danger to himself and others, partly because Hesla reportedly brandished knives and threatened violence at the Harbor Lights Shelter. (Compl., Doc. No. 1, at p. 5.)  The next day, Dr. Gregory Sitka recorded that Hesla was placed in seclusion, in four-point restraints, and forcefully given medication because Hesla was threatening toward a male nurse. (Id.) Dr. Sitka diagnosed Hesla with paranoid delusional ideation.  (Id.)  Also, at an unspecified date, Hesla claims he was held in a Hennepin County jail cell that did not provide adequate ventilation, leading to a slightly elevated level of $CO_2$ in his system.  (Id. at pp. 1–3.)

state a claim upon which relief can be granted.[2]

Furthermore, since Hesla failed to state a claim on which relief can be granted, the Magistrate Judge properly determined that Plaintiff's application to proceed IFP should be denied. Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) ("a district court may dismiss an action filed [IFP] at any time if the court determines that the action fails to state a claim on which relief may be granted.") (citations and quotations omitted). Based on the Court's de novo review, Hesla's objections are overruled and the Court adopts the R & R.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Objection (Doc. No. 5) to the Magistrate Judge's December 14, 2012, R & R (Doc. No. 4) is **OVERRULED**;

2. The Magistrate Judge's R & R (Doc. No. 4) is **ADOPTED**;

3. Plaintiff's Application for In Forma Pauperis (Doc. No. 2) is **DENIED**; and

4. This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 31, 2013
s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge

---

[2] Hesla also asks the Court to apply 28 U.S.C. § 2254 to reevaluate the diagnosis so that he may be released from the restrictions imposed upon him because of the diagnosis. (See Compl., Doc. No. 1, at p. 3; Objection, Doc. No. 5, at p. 2.) The statute applies to a person in custody and as Hesla himself states, he is not currently detained. (Objection, Doc. No. 5, at p. 2.) Therefore, the statute is not applicable here.